ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XII

| NATHANAEL ARROYO MARTÍNEZ **RECURRENTE** v. DEPARTAMENTO DE EDUCACIÓN **RECURRIDA** | KLRA202400627 | Revisión administrativa procedente de la Oficina de Apelaciones del Sistema de Educación (OASE) Caso Núm. 2016-05-1335 2017-03-1104 Sobre: IMPUGNACIÓN DE PLAZA |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa y la Jueza Díaz Rivera.[1]

Grana Martínez, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 25 de febrero de 2025.

El recurrente, Nathanael Arroyo Martínez (señor Arroyo), comparece ante nos mediante un *Recurso de Revisión Judicial* en el que nos solicita la revisión de la *Resolución Sumaria* dictada por la Oficina de Apelaciones del Sistema de Educación (OASE) el 9 de octubre de 2024.[2] En el referido dictamen, la OASE declaró *No Ha Lugar* dos apelaciones presentadas por el recurrente y dictó *Resolución Sumaria* a favor del Departamento de Educación (DE).

Por los fundamentos que expondremos a continuación, *se revoca* la determinación recurrida.

**I.**

Según surge del expediente, el 6 de mayo de 2016, el señor Arroyo presentó una apelación ante la Comisión Apelativa del Servicio Público (CASP) (Caso Núm. 2016-05-1335), mediante la cual impugnó la determinación del DE al nombrar al Profesor Elvin

---

[1] Mediante la Orden Administrativa OATA-2025-016 se modificó la composición del Panel XII.
[2] La *Resolución Sumaria* fue notificada y archivada en autos el 9 de octubre de 2024. Véase las páginas 1 a la 12 en el Apéndice del recurso de Revisión Administrativa.

Medina Pérez (señor Medina) en el puesto de Maestro de Educación Industrial de la escuela Manuel Meléndez Liceaga para el año escolar 2015-2016. A esos efectos, el recurrente señaló que las puntuaciones otorgadas en la tabla de evaluación de los candidatos participantes no se realizaron conforme a la *Carta Circular Núm.* 22-2014-2015.[3]

Posteriormente, el 30 de mayo de 2017, el señor Arroyo presentó una segunda apelación ante la CASP (Caso Núm. 2017-03-1104), en la cual impugnó la determinación del Departamento de Educación de haber nombrado al señor Elvin Médina Pérez al puesto de Maestro de Educación Industrial (Colisión Automotriz) en la escuela Manuel Meléndez Liciaga del Municipio de San Sebastían, para el año escolar 2016-2017. El recurrente expresó que, a la fecha de la entrevista, tenía el derecho a poseer el Certificado de Maestro, el cual solicitó oportunamente. Así pues, afirmó que procedía su nombramiento en el puesto de Maestro de Educación Industrial conforme a los criterios de reclutamiento establecidos en la *Carta Circular Núm.* 25-2015-2016.[4]

En respuesta, el DE presentó la *Contestación a la Apelación.*[5] En dicho escrito, aclaró que el nombramiento del participante seleccionado se realizó conforme a la *Carta Circular Núm.* 22-2014-2015. Además, afirmó que el señor Medina obtuvo mayor puntuación en la entrevista de reclutamiento que el recurrente. Por tanto, sostuvo que actuó de acuerdo con la ley y de buena fe.[6]

Luego de varias incidencias procesales, la CASP ordenó el traslado de ambas apelaciones a la OASE. Consecuentemente, dicha agencia consolidó ambas apelaciones (2016-05-1335 y 2017-03-

---

[3] Véase, Recurso de Revisión Judicial, págs. 4-5.

[4] Véase, Recurso de Revisión Judicial, pág. 5.

[5] El DE presentó la contestación a la Apelación el 27 de julio de 2016. Luego de ello, presentó respectivamente dos documentos intitulados *Contestación a la Apelación,* en las fechas de 18 de agosto de 2018 y el 15 de abril 2021.

[6] Véase, Apéndice I, pág. 2.

1104).[7] Así las cosas, el 4 de agosto de 2022, el señor Arroyo incoó una *Solicitud de Resolución*, en la cual señaló que la agencia violó su propia reglamentación y puntualizó los siguientes hechos incontrovertidos:[8]

### Caso OASE 2016-05-1335:

a. El profesor Elvin Medina Pérez, a quien se le asignó el nombramiento impugnado por el apelante, comenzó a trabajar en el Departamento de Educación el 8 de septiembre de 2010.

b. El año escolar 2010-2011 comenzó el 2 de agosto de 2010 y culminó el 31 de mayo de 2011.

c. Para el 15 de julio de 2015, el profesor Elvin Medina Pérez tenía 4 años y 8 meses de experiencia docente.

d. En la tabla de criterios para asignar puntuación en los reclutamientos especiales, la Unidad de Recursos Humanos de la Región Educativa de Mayagüez establece que, al 15 de julio de 2015, el profesor Elvin Medina Pérez tenía 6 años de experiencia docente.

e. El 16 de julio de 2015, el apelante presentó querella ante el Comité de Impugnaciones del Departamento de Educación, mediante el cual impugnó el nombramiento realizado al señor Elvin Medina Pérez por el Departamento de Educación en la plaza de Maestro de educación industrial (Colisión Automotriz) en la escuela Manuel Meléndez Liceaga del municipio de San Sebastián para el año escolar 2015-2016, pero la misma fue declarada No Ha Lugar, según notificación emitida por el Secretario de Educación, Rafael Román Meléndez, suscrita el 6 de abril de 2016.

f. El 4 de abril de 2016, el Comité de Impugnaciones de la Oficina del Secretario del Departamento de Educación emitió informe suscrito por Cynthia López Burgos, Presidente, mediante el cual indican que el profesor Elvin Medina Pérez contaba con 6 años de experiencia al momento de la entrevista llevada a cabo el 15 de julio de 2015.

g. El Comité de Impugnaciones establece en el informe que el nombramiento del profesor Elvin Medina Pérez se llevó a cabo conforme a los criterios para asignar puntuación en los Reclutamientos Especiales indicados en el Anejo VII de la Carta Circular 22-2014-2015.

h. El Anejo VII de la Carta Circular 22-2014-2015, inciso 4, dispone que al candidato evaluado se le asignará "un punto por cada año de experiencia".

i. La Carta Circular 22-2014-2015, Acápite F.4 sobre Reclutamiento Especial, dispone en el inciso 4(d), Selección de Candidatos que "el comité seleccionará al que haya obtenido la mayor puntuación".

---

[7] Véase, Recurso de Revisión Judicial, pág. 5.
[8] Véase, Apéndice IV, Solicitud de Resolución Sumaria, págs. 37-40.

**Caso OASE 2017-03-1104:**

a. El 15 de julio de 2016, se ofreció por convocatoria abierta en un procedimiento de reclutamiento especial el nombramiento transitorio al puesto vacante y disponible de Maestro de Educación Industrial (Colisión Automotriz) en la escuela Manuel Meléndez Liceaga del Distrito Escolar de Aguadilla.

b. El 28 de mayo de 2016, el apelante solicitó el certificado regular de maestro al que tenía derecho y mérito de poseer. Dicha solicitud fue recibida por la Oficina Regional de Mayagüez del Departamento de Educación, el 31 de mayo de 2016.

c. No empece el apelante haber solicitado oportunamente el certificado regular de maestro, el mismo fue expedido el 7 de septiembre de 2016.

d. El 27 de julio de 2016, el apelante presentó querella ante el Comité de Impugnaciones del Departamento de Educación, mediante el cual impugnó el nombramiento realizado al señor Elvin Medina Pérez por el Departamento de Educación en la plaza de Maestro de Educación Industrial (Colisión Automotriz) en la escuela Manuel Meléndez Liceaga del distrito de Aguadilla para el año 2016-2017, pero la misma fue declarada No Ha Lugar, según notificación emitida por la Secretaria de Educación, Julia B. Keleher el 1 de marzo de 2017.

e. El Departamento de Educación mediante la Carta Circular 25-2015-2016, determina el proceso de reclutamiento del personal docente de las escuelas y los institutos tecnológicos en el Departamento de Educación para el año escolar 2016-2017, el cual incluye el proceso de reclutamiento especial que es el que aplica en el presente caso. La referida Carta Circular en el acápite 4(a) de la Sección F.4.b, establece que, si a la entrevista asiste un maestro con certificado regular en la categoría, éste será seleccionado.

f. En el informe (Anejo F), el Departamento de Educación reconoce que el Sr. Elvin Medina Pérez no posee certificado regular de maestro para la fecha de la entrevista.

g. En el Anejo VIII, inciso 4 de la Carta Circular 25-2015-2016, dispone que al candidato evaluado se le asignará "un (1) punto por cada año de experiencia".

h. El Comité de entrevistas asignó de manera ilegal 2 puntos por cada año de experiencia docente. Esta acción fue avalada por el Comité de Impugnaciones.

i. En el referido informe (Anejo F), el Departamento de Educación le adjudica al apelante 2 años de experiencia para julio de 2016, igual que la cantidad de años que le adjudicó para julio de 2015. Cuando lo correcto es que, en julio de 2016, el apelante tenía 3 años de experiencia.

Por su parte, el 23 de enero de 2023, el DE presentó una

*Oposición a "Solicitud de Resolución Sumaria" de la Parte Apelante y*

*Solicitud de Resolución Sumaria a Favor de la Parte Apelada.* En

esencia, alegó que, en ausencia de una controversia real o sustancial en los hechos alegados por el recurrente, procedía dictar resolución sumaria a favor del DE en virtud del Art. 12.2 del Reglamento de la OASE. Reglamento de la Oficina de Apelaciones del Sistema de Educación, Reglamento Núm. 9412, Departamento de Estado, 25 de octubre de 2022, pág. 38.[9]

Examinados los argumentos de las partes, el 9 de octubre de 2014, la OASE declaró *No Ha Lugar* las dos apelaciones presentadas por el señor Arroyo. Además, dictó *Resolución Sumaria* a favor del DE,[10] mediante la cual, determinó los siguientes hechos como incontrovertidos:

a. El 16 de julio de 2015 la parte apelante presentó querella ante el Comité de Impugnaciones del Departamento de Educación, impugnó el nombramiento del profesor Elvin Medina en la plaza de Maestro de Educación Industrial (Colisión Automotriz) y quien comenzó a trabajar en el Departamento de Educación el 8 de septiembre de 2010.

b. Mediante carta fechada el 6 de abril de 2016, el Comité de Impugnaciones del Departamento de Educación declaró No Ha Lugar la Querella de impugnación radicada el 16 de julio por el apelante.

c. El 28 de mayo de 2016, el apelante solicitó el certificado de maestro. Dicha solicitud fue recibida por la Oficina Regional de Mayagüez del Departamento de Educación, el 31 de mayo de 2016.

d. El 15 de julio de 2016, se ofreció por convocatoria abierta en un procedimiento de reclutamiento especial al nombramiento transitorio al puesto vacante y disponible de maestro de Educación Industrial (Colisión Automotriz en la escuela Manuel Meléndez Liceaga del Distrito Escolar de Aguadilla).

e. Para el 15 de julio de 2015, el profesor Elvin Medina Pérez tenía 4 años y 8 meses de experiencia.

f. En la tabla de criterios para asignar puntuación en los reclutamientos especiales, la Unidad de Recursos Humanos de la Región Educativa de Mayagüez establece que, el 15 de julio de 2015, el profesor Elvin Medina Pérez tenía 6 años de experiencia docente.

g. El 4 de abril de 2016, el Comité de Impugnaciones emitió el Informe para la Evaluación de Querella presentada por el apelante.

h. El Comité de Impugnaciones establece en el Informe que el nombramiento del profesor Elvin Medina

---

[9] Véase, Apéndice II, Oposición a "Solicitud de Resolución Sumaria" de la Parte Apelante y Solicitud de Resolución Sumaria a Favor de la Parte Apelada, págs. 13-33.

[10] Véase, Apéndice I, Resolución Sumaria, págs. 1-12.

Pérez se llevó a cabo [conforme] a los criterios para asignar puntuación en los Reclutamientos Especiales.

i. Carta Circular 22-2014-2015, inciso 4, dispone que el candidato evaluado se le asignará un punto por cada año de experiencia.

j. Carta Circular 22-2014-2015, inciso 4(d) Selección de Candidatos el comité seleccionar[á] al que haya obtenido la mayor puntuación.

Por último, el foro apelado concluyó que:

"Del análisis de la prueba y de las argumentaciones de las partes se concluye que el nombramiento del Profesor Elvin Medina Pérez fue conforme a las leyes, reglamentos y cartas circulares aplicable. El Comité de Impugnaciones del Departamento de Educación cumplió con su deber ministerial al aplicar las Cartas Circulares evaluando a los participantes correctamente.
Se concluye además que al apelante no se le violó el debido proceso de ley, la apelada le garantizó sus derechos conforme a la Constitución, leyes y reglamento, no se le discriminó por razón alguna, tuvo el derecho de impugnar, así lo hizo y se le garantizó el debido proceso".

Inconforme, el 8 de noviembre de 2024, el señor Arroyo presentó el presente *Recurso de Revisión Judicial*, en el cual alega que:

Erró en derecho la OASE al desestimar la apelación 2016-05-1335 y determinar mediando error manifiesto que el Departamento de Educación cumplió con su deber ministerial al aplicar las cartas circulares correctamente en el proceso de nombramiento, aun cuando se desprende de las determinaciones de hechos de la resolución recurrida que la agencia le concedió más puntos de lo permitido al candidato nombrado.

Erró la OASE mediando abuso de discreción al desestimar la apelación 2017-03-1104 sin fundamentar su decisión y dejar de exponer en la resolución sumaria las determinaciones de hechos que no están en controversia.

Por su parte, el 13 enero de 2025, el DE incoó un *Escrito en Cumplimiento de Resolución*. En este, señaló que la *Resolución Sumaria* dictada por el foro apelado, no aborda directamente los asuntos en controversias sobre la adjudicación en el puntuaje otorgado. Por tanto, nos solicitó devolver el caso al DE para que incluya las determinaciones de hechos necesarias y fundamente la Resolución *Sumaria*.

**II.**

**A.**

### *Revisión Judicial*

La Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, 3 LPRA sec. 9601 *et seq.*, en adelante la LPAU, establece un procedimiento uniforme para la revisión judicial de órdenes y resoluciones dictadas por las agencias administrativas de Puerto Rico. En virtud de dicha ley, una parte que haya sido afectada adversamente por una orden o resolución final de una agencia y que haya agotado todos los remedios administrativos disponibles, podrá presentar un recurso de revisión ante el Tribunal de Apelaciones dentro de un término de treinta (30) días contados a partir de la fecha de archivo en autos de copia de la notificación de la orden o resolución final de la agencia. Sec. 4.2 de la LPAU, 3 LPRA sec. 9672. Conforme dispone la LPAU, sus disposiciones son aplicables a aquellas órdenes, resoluciones y providencias adjudicativas finales dictadas por agencias o funcionarios administrativos a ser revisadas por el Tribunal de Apelaciones mediante recurso de revisión, con excepción de las dictadas por el Secretario de Hacienda con relación a las leyes de rentas internas del Gobierno de Puerto Rico, y aquellas del Centro de Recaudación de Ingresos Municipales (CRIM) con relación a las deficiencias, tasaciones e imposiciones contributivas de la Ley sobre la Contribución sobre la Propiedad Mueble e Inmueble. Véase, Sec. 3.7 de la LPAU, 3 LPRA sec. 9671.

Cabe destacar que, en cuanto al alcance de revisión judicial en las determinaciones administrativas, los dictámenes de los organismos administrativos merecen la mayor deferencia judicial y su revisión se limita a determinar si la agencia actuó arbitraria, ilegal o irrazonablemente en abuso a su discreción. *Pérez López v. Depto. de Corrección*, 208 DPR 656, 673 (2022).

**B.**

**Resolución Sumaria**

Sabido es que la LPAU faculta a las agencias administrativas a adjudicar los asuntos ante su consideración por medio de una resolución sumaria. Sección 3.7(b) de la LPAU, 3 LPRA sec. 9647(b). En *OCS v. Universal,* 187 DPR 164, 177-178 (2012), nuestro más Alto Foro local reiteró dicha facultad y, además, explicó que cobra eficacia en todo caso, salvo que la ley orgánica de una agencia administrativa en particular disponga lo contrario. El propósito de dicho mecanismo es agilizar el proceso adjudicativo en casos que no planteen hechos esenciales en controversia. Es decir, que nada impide a una agencia efectuar determinada adjudicación administrativa sin celebrar una vista evidenciaria cuando no exista controversia sobre los hechos y la evidencia documental que surge del expediente señale la corrección de la determinación de la agencia. *Mun. de San Juan v. CRIM,* 178 DPR 163, 179 (2010). Con ello se evita la celebración de una audiencia evidenciaria en circunstancias en que no aportaría ningún elemento meritorio al proceso analítico. J. Echevarría Vargas, *Derecho administrativo puertorriqueño,* San Juan, Ediciones Situm, 2012, pág. 231. Véase Sección 3.7 de la LPAU, 3 LPRA sec. 9647.

Ahora bien, la resolución final deberá ser emitida por escrito dentro de noventa (90) días después de concluida la vista o después de la presentación de las propuestas determinaciones de hechos y conclusiones de derecho, a menos que este término sea renunciado o ampliado con el consentimiento escrito de todas las partes o por causa justificada. Además, la orden o resolución deberá incluir y exponer separadamente determinaciones de hecho si éstas no se han renunciado, conclusiones de derecho, que fundamentan la adjudicación, la disponibilidad del recurso de reconsideración o

revisión, según sea el caso. Véase, Sec. 3.14 de la LPAU, 3 LPRA sec. 9654.

## C.

### *Ley Orgánica del Departamento de Educación, Ley Núm. 149–1999*

La Ley Orgánica del Departamento de Educación, 3 LPRA sec. 143a et seq., (en adelante, Ley Núm. 149-1999) facultaba al Secretario de Educación a nombrar el personal calificado de dicho Departamento.[11] En lo pertinente, y a la fecha de las acciones impugnadas en este recurso, el Artículo 6.04 de la Ley Núm. 149-1999, *supra*, disponía entre las facultades y obligaciones del Secretario en el ámbito administrativo:

[…]

(l) Nombrará el personal del Departamento, excepto el que designen los directores de escuela al amparo del Artículo 6.06 de esta Ley (3 L.P.R.A. sec.145w).

## D.

### *Ley de Reforma Educativa de Puerto Rico, Ley Núm. 85–2018*

La Ley de Reforma Educativa de Puerto Rico, 3 LPRA sec. 9801 *et seq.*, (en adelante, Ley Núm. 85–2018) se aprobó a los fines de establecer la nueva política pública del Gobierno de Puerto Rico en el área de educación. El Capítulo III de la referida ley dispone lo concerniente a todo el personal adscrito al Departamento de Educación. En lo pertinente, el Art. 3.01 de la Ley Núm. 85–2018, *supra,* dispone:

> a. El Departamento administrará su propio sistema de personal […].
> b. […]
> c. […].
> d. […].
> e. […].
> f. […].

---

[11] La Ley Núm. 149-1999, según enmendada, conocida como "Ley Orgánica del Departamento de Educación", 3 LPRA sec. 143a et seq., fue derogada y sustituida por la Ley Núm. 85-2018, según enmendada, conocida como "Ley de Reforma Educativa de Puerto Rico", 3 LPRA sec. 9801 et seq. Sin embargo, la Ley 149-1999 era la ley vigente al momento de los hechos.

g. [...].

h. [...].

i. Las determinaciones finales sobre asuntos de personal serán revisadas, a solicitud de parte, en la Oficina de Apelaciones del Sistema de Educación, la cual tendrá jurisdicción primaria para atenderlas. 3 LPRA sec. 9803

Surge del precitado artículo, que la Ley Núm. 85 2018, *supra,* estableció la Oficina de Apelaciones del Sistema de Educación (OASE) para atender, de manera interna, todo lo concerniente al personal del Departamento de Educación (DE). El legislador creó una agencia administrativa apelativa y expresamente le concedió jurisdicción primaria a la OASE para atender las solicitudes de revisión de las determinaciones finales del DE sobre asuntos de personal. Cabe recordar que, la doctrina de jurisdicción primaria es una norma de autolimitación judicial que se emplea para —en determinados escenarios— poder definir cuál foro, si el administrativo o el judicial, ostenta jurisdicción original para entender en determinado asunto. *MCS Advantage, Inc. v. Fossas Blanco et al.,* 211 DPR 135, 146 (2023). Por último, es preciso señalar que la jurisdicción primaria exclusiva "no soslaya la revisión judicial, sino que la pospone hasta tanto el organismo administrativo emita su determinación final". *Beltrán Cintrón et al. v. ELA et al.,* 204 DPR 89, 104 (2020).

### III.

El señor Arroyo alega que erró el DE al dictar *Resolución Sumaria* sin exponer las determinaciones de hechos que expliquen la adjudicación de puntos del participante nombrado. A su vez, arguye que incidió el foro apelado al desestimar las apelaciones del recurrente sin fundamentar y exponer determinaciones de hechos incontrovertidos en cuanto al año escolar 2016-2017.

Le asiste la razón. Según reseñamos, la LPAU, *supra,* faculta a las agencias administrativas a adjudicar los asuntos ante su consideración por medio de una resolución sumaria. Sin embargo,

dicha resolución final deberá incluir y exponer separadamente determinaciones de hechos y conclusiones de derecho, que fundamente la adjudicación del foro sentenciador. Sec. 3.14 de la LPAU, 3 LPRA sec. 9654. En el caso ante nos, el foro apelado se limitó a concluir que "el DE cumplió con su deber al evaluar a los participantes correctamente. Por ende, que al recurrente no se le violó su Debido Proceso de Ley". No obstante, tal y como señaló el señor Arroyo, el foro apelado no fundamentó en la *Resolución* los hechos que acrediten la correcta y justa adjudicación de puntos en los años de experiencia del señor Medina. A saber, según se desprende del legajo apelativo, el DE le adjudicó seis (6) años de experiencia a éste. Sin embargo, en los autos del expediente ante nos, surge que solo poseía cuatro (4) años y ocho (8) meses de experiencia como docente. Además, luego de examinar la tabla de criterios, constatamos que la puntuación de experiencia docente fue duplicada en la evaluación de los participantes. Empero, no hallamos base legal que justifique la duplicidad de la puntuación. Por tanto, el DE debe esbozar el fundamento reglamentario que utilizó al momento de adjudicar la duplicidad en la puntuación de experiencia docente de los participantes interesados.

Por otra parte, el foro apelado no fundamentó su decisión en cuanto a los hechos del segundo año escolar (2016-2017). Más bien, guardó silencio en cuanto a la controversia del Certificado Escolar. Como reseñamos, toda *Resolución Sumaria* final debe contener determinaciones de hechos y conclusiones de derecho que fundamenten la decisión del foro sentenciador. En consecuencia, concluimos que erró la OASE al no fundamentar la *Resolución Sumaria* apelada, según lo establece nuestro ordenamiento jurídico.

**IV.**

Por los fundamentos expuestos, revocamos el dictamen recurrido y se devuelve el caso a la OASE para que fundamente la

*Resolución* Sumaria, conforme lo establece el Art. 3.14 de la LPAU, 3 LPRA sec. 965.

Lo acordó el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones